UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-CV-80094-GAYLES/TURNOFF

AUTO MOBILITY SALES, INC.,

        Plaintiff,

vs.

PRAETORIAN INSURANCE
COMPANY,

        Defendant.
_____/

## OMNIBUS ORDER ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT

**THIS CAUSE** came before the Court upon the Parties' cross Motions for Summary Judgment. [ECF. No. 18] [ECF. No. 26]. The Court has considered the Motions, the Responses, and the record, and is otherwise advised. For the reasons set forth below, Plaintiff's Motion for Summary Judgment is **DENIED** and Defendant's Motion for Summary Judgment is **GRANTED**.

I. **BACKGROUND**

Plaintiff Auto Mobility Sales, Inc. ("Auto Mobility") sells and rents handicap-enabled vehicles. Defendant Praetorian Insurance Company ("Praetorian") is a fire and casualty insurance company. Praetorian issued a general liability insurance policy ("the Policy") to Auto Mobility for the policy period from April 30, 2013, through April 30, 2014. The Policy entitles Auto Mobility to indemnity and defense to personal and advertising injury liability:

COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

1. Insuring Agreement

   i. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

[ECF. No. 1-1 at 94]. However, the Policy also has exclusions to the coverage:

2. Exclusions

**This insurance does not apply to:**

   i. Infringement Of Copyright, Patent, Trademark Or Secret

   "Personal and advertising" injury arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your advertisement.

   However, this exclusion does not apply to infringement, in your advertisement, of copyright, trade dress or slogan.

[*Id.*]. This is a declaratory judgment action seeking coverage, indemnity, defense, and attorney's fees and costs pursuant to the Policy.

On July 3, 2013, Florida Van Rentals, Inc. d/b/a Discount Mobility USA and Medical Travel, Inc. filed a lawsuit against Auto Mobility (the "underlying litigation") alleging claims of Federal Unfair Competition, Florida Unfair Competition, and Florida Trademark Infringement under statutory and common law for using the terms "Discount Mobility" and "Medical Travel" in its Google Adwords' advertisements.[1]

---

[1] On January 14, 2015, the Court in the underlying litigation granted Auto Mobility Sales' Motion for Summary Judgment and entered judgment against plaintiffs Florida Van Rentals and Medical Travel. *See Florida Van Rentals, Inc. d/b/a Discount Mobility USA, and Medical Travel, Inc. v. Auto Mobility Sales, Inc.*, Case No. 8:13-cv-01732-

On July 30, 2013, Auto Mobility sent a letter to Praetorian demanding defense and indemnification for the underlying litigation. Praetorian received the demand letter by August 5, 2013. On October 7, 2013, Praetorian declined to defend and indemnify Auto Mobility, asserting that the Policy excludes the trademark infringement claims in the underlying litigation.

On January 23, 2014, Auto Mobility initiated this action, seeking a declaration that Praetorian is obligated to defend and indemnify Auto Mobility for the underlying litigation, pursuant to the Policy. Auto Mobility brings alternative claims under the Florida Claims Administration Statute. On October 17, 2014, Auto Mobility moved for summary judgment ("Auto Mobility's Motion") alleging that Praetorian had a duty to defend and indemnify, pursuant to the Policy, because the underlying litigation involved slogan infringement. Praetorian then moved for summary judgment ("Praetorian's Motion"), claiming that it did not have a duty to defend and indemnify because the Policy excluded the claims in the underlying litigation as the complaint in the underlying litigation did not allege slogan infringement. Praetorian argues that "Discount Mobility" and "Medical Travel" are not "slogans" under federal law as words that are the same as the name of the company alleging infringement cannot be slogans.

The central issue in this case is whether the underlying claims alleged slogan infringement, triggering Praetorian's duty to defend and indemnify Auto Mobility.

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper where the pleadings and supporting materials show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A

MS-EAJ.

dispute of fact is genuine if the evidence is such that a rational trier of fact could find for the nonmoving party. *See Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir.1997).

The Court must draw all inferences from the evidence in the light most favorable to the nonmoving party and resolve all reasonable doubts in that party's favor. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). The burden of establishing the absence of a genuine issue of material fact rests on the moving party. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The moving party meets it burden by informing the Court of the basis for its motion and the particular parts of the record demonstrating the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(a); *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008).

After the initial showing has been met, it is incumbent upon the nonmoving party to demonstrate that a finder of fact could reasonably find for the nonmoving party. *Shiver*, 549 F.3d at 1343. "[T]he nonmoving party must do 'more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). Thus, if the evidence advanced by the nonmoving party is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50.

The material facts in this case are not disputed. This is a duty to defend and indemnify case that involves contract interpretation and interpretation of the underlying complaint; therefore, it is an issue of law that the Court can resolve on summary judgment. *See James River Ins. Co. v. Bodywell Nutrition*, LLC, 842 F. Supp. 2d 1351, 1353 (S.D. Fla. 2012); *See also Kenneth Cole Productions, Inc. v. Mid–Continent Cas. Co.*, 763 F.Supp.2d 1331, 1336 (S.D. Fla.

2010). Florida law governs the issues in this case "since jurisdiction over this matter is based on diversity, and no one has relied on any other law". *Trailer Bridge, Inc. v. Illinois Nat. Ins. Co.*, 657 F.3d 1135, 1141 (11th Cir. 2011).

### III. DISCUSSION

The Court finds that Praetorian did not have a duty to defend and indemnify Auto Mobility in the underlying litigation. Under the Policy, Praetorian only has a duty to defend and indemnify Auto Mobility against trademark infringement when the infringement is based on an advertisement of copyright, trade dress, or slogan. [ECF. No. 1-1 at 94]. Neither party argues that the underlying litigation is based on advertisement of copyright or trade dress. Therefore, the Court need only determine whether the infringement claim is based on the infringement of a slogan. The Court finds that it is not.

#### A. The Policy

In Florida, a clear and unambiguous policy provision "should be enforced according to its terms whether it is a basic policy provision or an exclusionary provision." *Interline Brands, Inc. v. Chartis Specialty Ins. Co.*, 749 F. 3d 962, 965 (11th Cir. 2014), citing *Taurus Holdings, Inc. v. U.S. Fidelity and Guar. Co.*, 913 So. 2d 528, 532 (Fla.2005). If a coverage exclusion provision is ambiguous, the Court shall construe it in favor of the insured. *Deni Assoc. of Fla., Inc. v. State Farm Fire & Cas. Ins. Co*., 711 So. 2d 1135, 1140 (Fla.1998). A provision is ambiguous if, "after resort to the ordinary rules of construction, the relevant policy language is susceptible to more than one reasonable interpretation, one providing coverage and the other limiting coverage." *Interline Brands, Inc. v. Chartis Specialty Ins. Co*., 749 F. 3d 962, 965 (11th Cir. 2014), citing *Taurus Holdings,* 913 So. 2d at 532. However, a provision is not ambiguous merely because it requires analysis to interpret it. *Interline Brands, Inc. v. Chartis Specialty Ins.*

*Co.*, 749 F. 3d 962, 965 (11th Cir. 2014), citing *Gen. Star Indem. Co. v. W. Fla. Vill. Inn, Inc.*, 874 So. 2d 26, 31 (Fla. 2d DCA 2004).

In this case, the Policy is not ambiguous. As noted above, the Policy Exclusion states that it will not cover "'[p]ersonal and advertising injury' arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights," and that under the exclusion, "such other intellectual property rights do not include the use of another's advertising idea in your advertisement." [ECF. No. 1-1 at 94]. More importantly, the Policy Exclusion states, "[h]owever, this exclusion does not apply to infringement, in your advertisement, of copyright, trade dress or slogan." [*Id.*]. There is little guidance from the Eleventh Circuit as to what constitutes a slogan. However, the Second Circuit distinguished between a trademark and a slogan, concluding that a slogan must be different from the company name or a product. *See Hugo Boss Fashions, Inc. v. Federal Ins. Co.*, 252 F.3d 608, 620 (2d Cir. 2011). A court of this district relied on that principle in *James River*, 842 F. Supp. 2d at 1355.

For the Policy to provide coverage, the underlying complaint must allege, and be interpreted as, a slogan infringement claim. *Id.* The phrases at issue in this case are "Discount Mobility" and "Medical Travel." The plaintiffs in the underlying litigation are named Discount Mobility USA and Medical Travel, Inc. The disputed words and the company names are the same. Therefore, the disputed words are not slogans. *See Hugo Boss Fashions, Inc.*, 252 F.3d at 620; *see also James River*, 842 F. Supp. 2d at 1356.

### B. Duty to Defend and Indemnify

Praetorian does not have a duty to defend and indemnify Auto Mobility. In determining whether a duty to defend and indemnify exists, a court looks only to the allegations in the underlying complaint and the language of the insurance contract. *See Jones v. Florida Ins. Guar.*

*Ass'n, Inc.*, 908 So.2d 435, 442–43 (Fla.2005).  No duty to defend and indemnify arises where the allegations in the complaint show that no coverage exists or policy exclusion applies.  *James River*, 842 F. Supp. 2d at 1354, citing *Posigian v. American Reliance Ins. Co. of New Jersey*, 549 So. 2d 751, 753 (Fla. 3d DCA 1989).  Moreover, unsupported conclusory "buzz words" are insufficient to trigger coverage.  *State Farm Fire and Cas. Co. v. Setinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004).  In addition, inferences are insufficient to trigger coverage.  *Fun Spree Vacations, Inc. v. Orion Ins. Co.,* 659 So. 2d 419, 421-22 (Fla. 3d DCA 1995).

     Here, neither the underlying complaint nor Auto Mobility's complaint in this action explicitly alleges a slogan violation.  The underlying complaint asserted claims of Federal Unfair Competition, Florida Unfair Competition, Florida Common Law Trademark Infringement, and Florida Statutory Trademark Infringement.  [ECF. No. 1-2 ¶¶44-82].  None of those claims specifically alleged slogan infringement.  Even in the instant Complaint, Auto Mobility does not allege a duty to defend and indemnify based on slogan infringement.  [ECF. No. 1].  Rather, Auto Mobility first mentions slogan infringement in its Motion for Summary Judgment.  [ECF. No. 18].  However, looking only to the allegations in the underlying complaint, the underlying lawsuit cannot be construed to allege claims for slogan infringement.  First, the term is not alleged in the underlying complaint.  Second, as noted above, this Court finds that the phrases at issue, "Discount Mobility" and "Medical Travel" are not "slogans" as defined by federal law.  As the underlying complaint did not explicitly or implicitly allege slogan infringement, Praetorian did not have a duty to defend and indemnify Auto Mobility in the underlying litigation.

### C. Florida's Claims Administration Statute

Auto Mobility also argues that Florida's Claims Administration Statute ("FCAS") applies to this case. The Court finds that it does not. Auto Mobility asserts that Praetorian violated Florida Statute Section 627.426 when it failed to give Auto Mobility notice by registered or certified mail of its refusal to defend and that, therefore, Praetorian may not deny coverage based on a particular coverage defense. Fla. Stat. § 627.426(2)(b). However, Praetorian does not assert a "coverage defense" but instead denies any coverage at all. A "coverage defense" under the FCAS means a defense to coverage that otherwise exists; for example, failure to provide timely notice is a "coverage defense." However, the FCAS does not apply if there is no coverage at all because the statute only governs "coverage defenses." *Embroidme.com, Inc. v. Travelers Property Cas. Co. of America*, 992 F. Supp. 2d 1259 (S.D. Fla. 2014). Here, Praetorian sent Auto Mobility a letter denying coverage after 60 days' notice. Praetorian denied its request because the Policy excludes the claims in the underlying complaint. It is not an assertion of a coverage defense to deny Auto Mobility's request to defend because the complaint allegations do not fall within the Policy. Instead, it is simply a denial of any coverage. Therefore, the FCAS does not apply.

### IV. CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** that Auto Mobility's Motion for Summary Judgment is **DENIED**, and Praetorian's Motion for Summary Judgment is **GRANTED**. A separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure shall issue separately. It is further,

**ORDERED AND ADJUDGED** that the case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of June, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   Counsel of record